UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 3:24-cv-389 |
| v. | ) |
| **Perry's Landing, LLC**, an Ohio limited liability company, | ) Judge: |
| Defendant. | ) |

# COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **PERRY'S LANDING, LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Mr. Foster") is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant Perry's Landing, LLC owns and/or operates a shopping plaza, including Lamplight Café, located at 121 West Indiana Ave., Perrysburg, OH 43551 in Wood County.

6. Plaintiff has patronized Defendant's property previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the facility owned or operated by the Defendant Perry's Landing, LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's shopping plaza is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a

wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster is a Fulton County, Ohio resident and frequents the parks, restaurants, shopping centers, businesses and establishments of Northwest Ohio, including the Defendant's property that form the subject of this complaint.

10. On January 31, 2024, Plaintiff patronized the Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or

non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the shopping plaza, including its facilities, has shown that

many violations of the ADA exist. These violations include, but are not limited to:

Parking & Exterior Accessible Routes

A. Designated accessible parking spaces lack identification signs, in violation of the ADA and Section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

B. Designated accessible parking spaces entirely lack access aisles, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

D. There is no accessible route from the designated accessible parking to the tenant entrances, in violation of the ADA and section 206.2.1 of the 2010 Standards and 1991 ADAAG section 4.1.2 whose remedy is strictly required or, at minimum, readily achievable.

E. The curb ramps connecting the designated accessible parking to the entrance do not have any level landings or otherwise any with required dimensions, in violation of the ADA and section 406.4 of the 2010 Standards and 1991 ADAAG section 4.8.4 whose remedy is strictly required or, at minimum, readily achievable.

F. The curb ramps connecting the designated accessible parking to the retail entrances have cracks and changes in level in excess of 1/2 inch at the bottom, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8 whose remedy is strictly required or, at minimum, readily achievable.

G. There are changes in level and a ramp without a level landing on the accessible route to access the Lamplight Café entrance in violation of the ADA and sections 303.2 and 405.7 of the 2010 Standards and 1991 ADAAG sections 4.3.8 and 4.8.4 whose remedy is strictly required or, at minimum, readily achievable.

H. The entrance(s) to Lamplight Café lacks required maneuvering clearance at the latch side, in violation of the ADA and section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is strictly required or, at minimum, readily achievable.

I. Some tenant entrance doors require tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.13.9 whose remedy is strictly required or, at minimum, readily achievable.

J. Many tenant entrances lack required maneuvering clearance at the latch side, in violation of the ADA and section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is strictly required or, at minimum, readily achievable.

**Lamplight Café**

K. The lavatory pipes in the family restroom are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4 whose remedy is strictly required or, at minimum, readily achievable.

L. The toilet paper dispenser in the family restroom is not mounted 7 inches minimum to 9 inches maximum in front of the water closet measured to the centerline of the dispenser, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.6 whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

  M. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

  N. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16. The discriminatory violations described in Paragraph 15 by Defendant Perry's Landing, LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The shopping plaza at issue, as owned and operated by Perry's Landing, LLC, constitutes

a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Perry's Landing, LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Defendant's acts are willful, severe and ongoing. Whereas, Defendant has failed to undertake the readily achievable barrier removal necessary to provide Mr. Foster and others with mobility impairments, safe and accessible means of patronizing the businesses on the property.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net